UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) No. 2:18-CR-160 |
| | ) |
| NICHOLAS HAYEK | ) |

<u>MEMORANDUM OPINON AND ORDER</u>

Before the Court is the report and recommendation of United States Magistrate Judge Cynthia R. Wyrick filed on June 28, 2021, recommending that this Court deny Defendant Nicholas Hayek's motion to suppress. [Doc. 103]. On July 2, 2021, Defendant filed his objections to the report and recommendation. [Doc. 111]. The government thereafter responded in opposition. [Doc. 112]. The matter is now ripe for review. For the following reasons, the Court ADOPTS the Magistrate Judge's report, ADOPTS the recommendation, [Doc. 103], and DENIES Defendant's motion to suppress, [Doc. 79].

**I.      BACKGROUND**

In October 2018, Defendant was charged by a federal grand jury with the enticement of a minor to engage in a criminal sexual act in violation of 18 U.S.C. § 2422(b), and the enticement of a minor to engage in sexually explicit conduct for the purpose of producing visual depictions for distribution in violation of 18 U.S.C. § 2251(a) and (e), and the transfer of obscene material to an individual who had not attained the age of sixteen in violation of 18 U.S.C. §1470. [Doc. 5]. The indictment was later superseded in June 2021 with the addition of two charges, the receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and the possession of child pornography involving a minor who had not attained twelve years of age in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), stemming from the same conduct. [*See* Doc. 82].

Defendant subsequently filed a motion to suppress. [Doc. 79]. The Magistrate Judge held a suppression hearing on June 14, 2021. At the hearing, two law enforcement officers testified to the events

1

surrounding the statement presently at issue, defendant's statement made to law enforcement personnel on October 1, 2018. Defendant also testified during the suppression hearing.

Thereafter, the Magistrate Judge filed her report, recommending Defendant's motion to suppress be denied. [Doc. 103]. Defendant filed timely objections to the Magistrate Judge's report and recommendation, to which the government responded. [Docs. 111, 112].

Defendant did not object to the basic facts outlined in the Magistrate Judge's report and recommendation, but he did object to the findings and legal conclusions related to those facts. After reviewing the record before the Court and finding the facts to be consistent with the Magistrate Judge's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the report and recommendation. [Doc. 103 at 1-14]. *See United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013). The Court will refer to the facts only as necessary to analyze the issues raised on objection.

## II. DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 59, "[a] district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence." Fed. R. Crim. P. 59(b)(1). Within fourteen days after being served with a copy of the report and recommendation on a motion to suppress, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

This Court must conduct a de novo review of those portions of the report and recommendation to which objection is made and may accept, reject or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). "The district court is not required to review - under a *de novo* or any other standard – 'any issue that is not the subject of an objection.'" *Brown v. Bd. Of Educ.*, 47 F. Supp. 665, 674 (W.D. Tenn. 2014) (emphasis added) (quoting *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). After reviewing

2

the evidence, this Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

Defendant argues in his objections that the Magistrate Judge erred by not holding that his waiver of his *Miranda* rights was not voluntary, knowing, and intelligent. [Doc. 111]. Specifically, defendant asserts that the waiver is invalid because it was the product of a coercive and threatening atmosphere created by law enforcement. [*Id.* at 3].

It is well-settled that "incriminating statements elicited from suspects in custody cannot be admitted at trial unless the suspect was first advised of his or her *Miranda* rights." *United States v. Salvo*, 133 F.3d 943, 948 (6th Cir. 1998) (citing *Stansbury v. California*, 511 U.S. 318, 322 (1994)). The government has the burden of proving that a defendant validly waived his *Miranda* rights. *See Seymour v. Walker*, 224 F.3d 542, 554 (6th Cir. 2000). *Miranda* waivers are only valid if they are voluntary, knowing, and intelligent, under the totality of the circumstances. *See Moran v. Burbine*, 475 U.S. 412, 423-24 (1986); *Machacek v. Hofbauer*, 213 F.3d 947, 954 (6th Cir. 2000) (citing *Pennsylvania v. Muniz*, 496 U.S. 582, 589 (1990)).

A "waiver is voluntary if the suspect's decision to talk is 'the product of a free and deliberate choice rather than intimidation, coercion, or deception.'" *United States v. Davis*, 683 F. App'x 480, 484 (6th Cir. 2017) (citation omitted). A *Miranda* waiver is not voluntary if it is the product of coercion. *United States v. Binford*, 818 F.3d 261, 271 (6th Cir. 2016). A waiver is coerced if "(i) the police activity was objectively coercive; (ii) the coercion in question was sufficient to overbear the defendant's will; [and] (iii) . . . the alleged police misconduct was the crucial motivating factor in the defendant's decision to offer the statements." *Id.* (quoting *United States v. Mahan*, 190 F.3d 416, 422 (6th Cir. 1999)).

Because the "*Miranda* warnings are not themselves rights protected by the Constitution but [are] instead measures to ensure that the right against compulsory self-incrimination [is] protected," a waiver of *Miranda* rights is knowingly made so long as "the warnings reasonably conve[y] to [a suspect] his rights as required by *Miranda*." *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989) (alterations in original) (citations omitted). Even when a suspect waives his *Miranda* rights, if "the individual indicates in any manner, at any time

prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Michigan v. Mosley*, 423 U.S. 96, 100 (1975) (quoting *Miranda v. Arizona*, 384 U.S. 436, 473-74 (1966)).

The "heavy burden" imposed by *Miranda* "is not more than the burden to establish waiver by a preponderance of the evidence." *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010) (citing *Colorado v. Connelly*, 479 U.S. 157, 168 (1986)). The Sixth Circuit "has held that a *Miranda* waiver may be clearly inferred . . . when a defendant, after being properly informed of his rights and indicating that he understands them, nevertheless does nothing to invoke those rights and speaks." *United States v. Adams*, 583 F.3d 457, 467 (6th Cir. 2009) (omission in original) (quoting *United States v. Nichols*, 512 F.3d 789, 798-99 (6th Cir. 2008)).

Defendant objects to the Magistrate Judge's finding that his *Miranda* waiver was voluntary. [Doc. 111]. More particularly, defendant contends that the law enforcement officers present during the execution of the search warrant made threats of deportation and arrest regarding his family members if defendant did not submit to an interview. [*Id.*].

Defendant relies on *United States v. Finch*, 998 F.2d 349 (6th Cir. 1993), to support his argument that any consent given was coerced. However, *Finch* is distinguishable because the defendant gave consent while detained and after five policemen broke down the door with guns drawn. *Finch*, 998 F.2d at 356. Here, while defendant was arrested by a team of law enforcement, they did so after lawful entry. Guns were not drawn at any time while they were at defendant's home to execute the search warrant. In fact, no SWAT team was present. Defendant argues the large law enforcement team created a "coercive and threating atmosphere." [Doc. 111 at 3]. According to the testifying officers, the seventeen-person law enforcement team was the product of eight FBI agents, as per FBI policy, a forensic examiner from Department of Homeland Security, members of the Massachusetts State Police and other local law enforcement. Due to the nature of the alleged charges, the team required specialized agents trained in forensics. The Court finds the number of the officers participating in the execution of the search warrant was reasonable due to the mixture of federal and local authorities and the necessary specialized training and not intended to create a coercive environment.

At the suppression hearing, defendant testified that Task Force Officer Brian Bisceglia directly threatened him with the deportation or arrest of family members if he did not submit to an interview. Defendant testified that but for the threats against his family, he would not have spoken with law enforcement that day. Citing numerous contradictions in the testimony, the Magistrate Judge did not find defendant's testimony to be credible and, in fact, found to the contrary, that the law enforcement officers did not make any threats to defendant or his family before, during or after defendant's recorded statement. [*See* Doc. 103 at 13-14]. At the suppression hearing, the two officers testified to this effect. Moreover, the taped interview itself makes no reference to defendant's family other than a line of questioning relating to defendant's internet and cell phone providers' "family plan" nor is there any inquiry into anyone's immigration status. There is no evidence of any coercive conduct beyond lawful arrest. The Court agrees with the Magistrate Judge's conclusion that defendant's waiver of his *Miranda* rights was voluntary.

Defendant is an adult with some college education. The Magistrate Judge found the officers made defendant aware of his right to refuse consent. On the recording, Special Agent Jennifer Weidlich provided defendant with his *Miranda* rights and then followed up by stating:

> Q: [s]o if we get started talking, if at any point you don't want to talk anymore, you just let me know. Ok? With those rights in mind, are you willing to talk to us?"
>
> A: Sure.

Immediately after the above exchange, defendant signed a written waiver of his rights. On the tape, defendant is heard as engaged and articulate during the exchange as well as throughout the interview. Therefore, even if defendant was intoxicated at the time, as he contends, there is no evidence that he could not understand his rights or that he was waiving them. *Accord United States v. Hamilton*, 445 F. App'x 841, 843-44 (6th Cir.2011) (upholding denial of motion to suppress in light of testimony that the intoxicated defendant "was alert, cooperative, and able to form questions while at the police station"); *United States v. Montgomery*, 621 F.3d 568, 573 (6th Cir. 2010) (finding that even though the defendant claimed he was impaired following his *Miranda* waiver, he was "alert, coherent, and lucid" and therefore his waiver was

knowing and voluntary). Accordingly, this Court finds defendant's waiver of his *Miranda* rights was done so knowingly.

Considering the totality of the circumstances, the government has met its burden by a preponderance of the evidence to show through clear and positive testimony that defendant voluntarily and knowingly waived his *Miranda* rights. Defendant's objection to the Magistrate Judge's report and recommendation is overruled.

Defendant also asks for alternative relief in that the Court hear argument and additional testimony. Defendant had ample opportunity to present any relevant testimony at the suppression hearing and there is no further need for oral argument. Defendant's request for alternative relief is likewise denied.

### III. CONCLUSION

This matter is before the Court on defendant's objection to the Magistrate Judge's Report and Recommendation. [Doc. 111]. For the reasons previously stated in the memorandum opinion and the Court being otherwise sufficiently advised, the Court **ACCEPTS AND ADOPTS** the report and recommendation, [Doc. 103], of the magistrate judge in its entirety.

It is further ordered that:

(1) the defendant's objection to the Magistrate Judge's Report and Recommendation, [Doc. 111], is **OVERRULED**; and

(2) the defendant's motion to suppress evidence, [Doc. 79], is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
