UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:18-CR-160 |
| | ) |
| NICHOLAS HAYEK | ) |

MEMORANDUM OPINION AND ORDER

Before the Court are three of defendant's motions *in limine*. [Docs. 115, 116, 129]. The government has responded, [Docs. 132, 141, 144], and notes that it does not intend to solicit evidence regarding the issues surrounding two of the motions, [*See* Docs. 115, 116]. As such, those motions *in limine*, are DENIED as MOOT. [Docs. 115, 116].

In the remaining motion *in limine*, [Doc. 129], defendant requests this Court to enter an order precluding the government from introducing a video recording of the alleged victim's FBI forensic interview under Federal Rule of Evidence 403. [*Id.*]. In the event the Court does admit the recording, the defendant seeks that the admission be limited to audio only. [*Id.* at 2]. The government has responded in opposition. [Doc. 132]. The matter is now ripe for review.

I. **Background**

In October 2018, defendant was charged by a federal grand jury with the enticement of a minor to engage in a criminal sexual act in violation of 18 U.S.C. § 2422(b), and the enticement of a minor to engage in sexually explicit conduct for the purpose of producing visual depictions for distribution in violation of 18 U.S.C. § 2251(a) and (e), and the transfer of obscene material to an individual who had not attained the age of sixteen in violation of 18 U.S.C. §1470. [Doc. 5]. The indictment was later superseded in June 2021 with the addition of two charges, the receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and the possession of child pornography involving a minor who had not attained

1

twelve years of age in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), stemming from the same conduct. [*See* Doc. 82]. Trial is scheduled to commence on July 27, 2021.

As part of the investigation of this case, the then ten-year-old minor victim underwent a forensic interview on May 17, 2018 conducted by FBI Special Agent Bianca Pearson. The recording of that interview is presently at issue.

## II. Analysis

### A. Federal Rule of Evidence 807

The government provided a notice of intent to introduce the victim's forensic interview into evidence pursuant to Federal Rule of Evidence 807, the residual hearsay exception[1]. [Doc. 104]. The defendant, in his motion, does not challenge the video's admissibility under Rule 807, but states that the recording's likelihood of "admission [is] under Rule 807." [Doc. 129]. The government submits that the out-of-court statements it seeks to be introduced will be offered to prove the truth of the matter asserted, and, therefore, by definition, the statements are hearsay. *See* Fed. R. Evid. 801(c)(1).

Rule 807(a) provides that

> [u]nder the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
>
> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

The Advisory Committee Note makes it clear that "[a] court is not required to make a finding that no other hearsay exception is applicable." Fed. R. Evid. 807, advisory committee's note. As such, this Court will not make such a finding, and instead proceed to analysis under the rule's two-part test.

---

[1] The government's notice and response both rely on the previous version of the rule that was amended in 2019 and has the effective date of December 1, 2019. [Docs. 104, 132]. This Court, however, uses the current version of the rule in its memorandum.

2

Regarding the first step of the rule's requirements,"[t]he rule provides that the focus for trustworthiness is on circumstantial guarantees surrounding the making of the statement itself, as well as any independent evidence corroborating the statement," and not on the credibility of the witness. Fed. R. Evid. 807, advisory committee's note. Here, the statements where the minor was questioned about potential abuse were made in a controlled environment by law enforcement and recorded. "The Supreme Court listed the following factors as particularized guarantees of trustworthiness in the context of child sexual abuse: '(1) spontaneity; (2) consistent repetition; (3) the mental state of the declarant; (4) the use of terminology unexpected of a child of similar age; and (5) the lack of a motive to fabricate.'" *United States v. Wandahsega*, 924 F.3d 868, 881(6th Cir. 2019) (quoting *Stuart v. Wilson*, 4442 F.3d 506, 522 (6th Cir. 2006). *See also Idaho v. Wright*, 497 U.S. 801, 821-22 (1990). The Court reiterates that in its analysis it is not commenting on the credibility of the witness, but only to the environment surrounding the statement. In the interview, the minor was asked sporadic questions about the events that occurred from her perspective. She answered the questions about her potential abuse, drew a picture of her potential abuser, but also talked to the interviewer more generally about her social media use, friends, family, pets, and school. The interviewer allowed the minor a varying degree of latitude to talk about various topics including the potential abuse, which she returned to a few times during the interview. As to the rest of the factors, there was no use of unexpected terminology, and the child was told multiple times that anything she said would not get her "in trouble," nor were there any promises made by law enforcement in exchange for the minor's statement.

As to the independent corroborating evidence portion of subsection (a)(1), the government, in its notice makes a reference to a "statement written by the minor victim," and notes that "it is consistent with her forensic interview." [Doc. 104 at 5]. This Court has not been provided with such a statement. However, the Court has reviewed the defendant's October 1, 2018 custodial interview, and finds that both interviews overlap in subject matter, particularly how the defendant and the minor began texting on Kik, the minor's age, and the types of pictures allegedly sent from the defendant and from the minor. The defendant's October 1, 2018 interview sufficiently corroborates the statements made in the minor's May 18, 2018

3

interview. As such, after considering the totality of the circumstances and corroborating evidence, this Court finds that the minor's video statement to the FBI is supported by sufficient guarantees of trustworthiness and satisfies 807(a)(1).

Second, the Court evaluates whether the interview is more probative than any other evidence that the government can obtain through reasonable efforts. *See* Fed. R. Evid. 807(a)(2). The May 18, 2018 interview was conducted contemporaneously with the events charged in the superseding indictment. [*See* Doc. 82 ("The Grand Jury charges that on or about May 30, 2018 and for at least the preceding month . . . .")]. At the time of the interview, the minor was ten years old and same age as the alleged child pornography images at issue in this case. The interview is contemporaneous and likely her strongest recollection of the alleged events that transpired from her perspective. The government cannot produce any evidence that would be more probative than a contemporaneous interview from the alleged victim. Accordingly, the interview, conducted during the time period of the superseding indictment, is extremely probative.

The minor's interview has met the requirements of Rule 807(a). Notably, the defendant will have the option of cross-examining the minor at trial. However, the rule explicitly requires prior notice, *see* Fed. R. Evid. 807(b), and, albeit analyzed under the older version, the Court finds the government's June 29, 2021 notice to the defendant is sufficient under the rule. [Doc. 104]. Applying Rule 807, the Court finds that the victim's statements to the SA Pearson during the forensic interview are admissible as evidence.

### B. Federal Rule of Evidence 403

A court may still exclude relevant evidence under Federal Rule of Evidence 403 if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The phrase "unfair prejudice," when used in the context of Rule 403, "does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Ford*, 761 F.3d 641, 648 (6th Cir. 2014) (quoting *United States v. Gibbs*, 182 F.3d 408, 430 (6th Cir. 1999)). *See also Old Chief v. United*

*States*, 519 U.S. 172, 180 (1997) ("Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." (quoting Fed. R. Evid. 403 advisory committee's note)). Moreover,

> [a]pplying Rule 403 necessarily contemplates a balance that is weighted in favor of admissibility, with the countervailing forces being the strength of the evidence's legitimate value and the tendency of the evidence's improper purpose(s) to overwhelm it. Evaluation of legitimate probative value requires consideration of the strength of the evidence itself, whether the evidence may be the only available proof of a material point, and whether the focus of the proof is genuinely in issue, among other things.

*United States v. Duval*, 865 F. Supp. 2d 803, 809 (E.D. Mich. 2012). The test is strongly weighted toward admission. *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018). A district court has broad discretion in determining whether the danger of admitting evidence substantially outweighs that evidence's probative value. *Id.*

Defendant contends that if the video recording were admitted he "will suffer dramatically from unfair prejudice, causing the jury to not consider the facts and the law with a fair and impartial mindset, and instead render a verdict tethered to emotion and passion." [Doc. 129 at 2]. Defendant maintains that the probative value of the video recording would be substantially outweighed by the dangers of unfair prejudice. [*Id.*].

Under Rule 403, this Court must balance the evidence's probative value against it's potential for unfair prejudice. The Court finds that the video interview's probative value is high. Defendant is charged with multiple crimes from his alleged conduct with the minor interviewed. In the interview, the minor speaks to and describes her relationship with the defendant, the alleged pictures he sent her, and the alleged images she sent him. She also confirms her age and alleges that she previously had told defendant her age. The content of the interview goes to the heart of the crimes charged, and as such it is highly probative. *See* 18 U.S.C. §§ 1470, 2422(b), 2251(a), (e), 2252A(a)(2)(A), (a)(5)(B), (b)(1), (b)(2).

The minor's interview is prejudicial to defendant. However, virtually all evidence is prejudicial, or it is not material; the prejudice must be "unfair." *Gibbs*, 182 F.3d at 430. The defendant has not pinpointed any specific instances of how the minor's interview is unfairly prejudicial and how it would have "an undue

5

tendency to suggest decision on an improper [emotional] basis." Fed. R. Evid. 403 (advisory committee notes). The Court cannot find that the minor's interview's probative value is outweighed by the danger of unfair prejudice.

### C. Format of the Recording

The defendant requests that if the recording were admitted that it would be admitted in audio format only and not video. [*See* Doc. 129]. The Court has reviewed the video recording, the written transcript of the recording, but was not provided the audio-only version of the interview.

The video depicts the minor in a special interview room with the interviewer. The interviewer is facing the camera and the minor is sitting on a couch with her back turned away from the camera. Although the camera does not capture the minor's face, her movements and gestures are clear on the video. From the video, the jury can determine her credibility from her demeanor, body language, movements, all of which would be lost in the strictly audio version. Throughout the interview, the minor actively participates, but, at times, loses her train of thought and begins to draw. The video depicts her gesturing and referencing those drawings, watching these motions would help provide the jury context as to the abrupt topic jump. Further, in response to being asked what body parts a picture showed, the minor gestured to her own body; in this instance, the video recording would undoubtedly be helpful to a jury to fully understand her answer. Moreover, the video is relevant because the trier of fact can see the alleged victim at the age of the conduct in question and not years later, as a teenager. Accordingly, this Court finds that video recording is relevant and admissible.

### III. Conclusion

It is hereby ORDERED that the defendant's motion, [Doc. 129], is **DENIED**. Further, it is hereby ORDERED that the defendant's motions, [Docs. 115, 116], are **DENIED** as **MOOT**.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE