UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:18-CR-160 |
| | ) | |
| NICOLAS NASSIF HAYEK | ) | |

## SENTENCING MEMORANDUM

Comes now the United States of America, by and through Francis M. Hamilton, III, Acting United States Attorney for the Eastern District of Tennessee, and files this Sentencing Memorandum in compliance with the Court's Order.

The presentence report prepared by U.S. Probation establishes the advisory guideline range to be 235 to 293 months. The United States concurs that this is the applicable advisory range. (Doc. 158, PSR, at ¶ 82). The United States submits the following analysis of sentencing factors enumerated in 18 U.S.C. § 3553(a) and recommendation of sentence for the Court's consideration.

**I. Sentencing Factors**

  *a. The nature and circumstances of the offense*

The defendant was found guilty by jury trial on July 30, 2021, of each count of a five-count Superseding Indictment. The defendant is guilty of Enticement of a Minor to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b); Enticement of a Minor to Engage in Sexually Explicit Conduct for the Purpose of Producing Visual Depictions for Distribution, in violation of 18 U.S.C. §§ 2251(a) and 2251(e); Transfer of Obscene Material to An Individual Who Had Not Attained the Age of 16, in violation of 18 U.S.C. § 1470; Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1); and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (Doc. 158 at ¶ 4).

The defendant's conduct presented at trial by the United States involved the defendant's communications with a ten-year-old victim. The Presentence Report, in paragraphs six through twenty, details the evidence presented at trial. (Id. at Page ID 438-41). The United States agrees with the details in the Presentencing Report and incorporates them herein.

During trial the victim told the jury that she met the defendant when the victim posted videos on an application called Live.Me. The defendant was aware that the victim was ten years old because she told him. The two spoke on other communication applications and at some point, the defendant asked to speak further on the Kik application. During those conversations the defendant made multiple requests and "begged" for nude photographs of the child. The victim, who was fourteen at the time of trial, explained that as a ten-year-old, she complied with some of his requests for nude photographs of her, because she did not want the defendant to be upset and did not want him to feel "sad."

Eventually an undercover agent took over the victim's account and began to converse with the defendant posing as the victim. During those conversations the defendant again requested nude photos of the ten-year-old victim and made graphic sexual statements to the victim, including instructing the victim twice, in detail, how to masturbate.

The defendant also sent nude photographs of himself to the child, sending approximately twenty-five photos of his penis to the ten-year-old victim and the undercover agent. The victim testified at trial that these photographs were the victim's first experience with male genitalia.

The defendant's course of conduct spanned approximately one month, but the trauma on the victim will last a lifetime.

b. *The history and characteristics of the defendant*

While the defendant has no criminal history (Doc. 158, ¶ 66-71), the defendant's character is evident. The defendant told multiple stories during the course of the investigation and trial. After a search warrant was executed at the defendant's home, the defendant gave a detailed interview that was recorded and played at trial. During the interview with agents, the defendant at first denied any knowledge of communicating with underage girls. However, after being confronted with the undercover agent's communications with the defendant, the defendant admitted he was aware of the victim's age and admitted that what he was did was wrong.

However, the defendant's story changed again when he testified at trial. He stated to the jury, under oath, that his recorded interview was fabricated by the agents who interviewed him, and that the agents threatened him during the interview. During trial, the defendant maintained that, in spite of what he said during his interview with agents, he believed that the victim was an adult and the two were just role playing that she was a child. The defendant further stated he never received any nude image sent by the victim and therefore did not know she was ten years old. However, the United States also presented evidence that, not only did the defendant obtain the nude photos of the victim, but he also saved them to a hidden folder on his phone and later transferred those photos from his old phone to his new phone via an SD card in the phone.

The United States believes that the defendant's actions in the case as well as his statements in trial demonstrate the defendant's character.

*c. To reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense;*

As a society, it is our duty to protect children. "Child pornography is, without qualification, a serious crime." *United States v. Robinson*, 669 F.3d 767, 776 (6th Cir. 2012). But this case goes beyond child pornography, the defendant was a predator. He sought out a young child that he could exploit for his own sexual gratification. Not only was he successful in finding a victim, but he also enticed the victim to document the sexual exploitation via pictures. At this time there is no evidence that the photos were distributed beyond the defendant's own personal devices, but those pictures remain, captured in time, as undeniable evidence of his exploitation. The victim will always live with the memories of this trauma and the continuing fear that these pictures could resurface.

Not only did he traumatize the victim by pressuring her to send photos of herself, but he continuously harassed her with photographs of his own genitalia and graphic expressions of his sexual desires. On twenty-five occasions he sent unsolicited pictures of his genitalia, and on multiple occasions explained in detail his desire to have sexual contact with the ten-year-old child. While the defendant did not physically assault the victim in this matter, his actions mentally assaulted the victim, and that impact will be everlasting.

Certainly, the defendant's conduct and exploitation of the victim warrants just punishment.

> *d. to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant*

The defendant's convictions have led to multiple minimum mandatory prison terms. While minimum mandatory sentences serve as a general deterrence to persons that exploit children, the United States believes the individual deterrence to the defendant must extend beyond mandatory minimums. U.S. Probation correctly applied the multiple specific characteristic enhancements listed in USSG § 2G1.3, 2G2.1, 2G2.2, 2G3.1 and 3C1.1. (Doc. 158 at ¶ 27-63.) The enhancements consider the defendant's conduct, the age of the victim and the manner in which he exploited the victim. The multiple levels of enhancements increased the advisory guideline sentence calculation beyond the statutorily mandated minimum sentences. A sentence within the guidelines should serve as a strong deterrent to this defendant and as a general deterrent to other predators.

Further, the defendant's conduct shows a need to protect the public from him. The defendant made multiple statements to the undercover agent about his desire to have sexual contact with the victim. Further in reviewing the defendant's phone during the investigation, the victim was not the only nude person in his phone. The phone contained numerous hidden folders of images and videos of young woman of various ages. While the United States is not certain if the photographs of other persons within his phone were minors, the defendant had thousands of videos and images of these young woman, including screen grabs of himself watching young woman strip nude on camera. If the women are adults, this behavior is certainly not illegal, but it shows a pattern of conduct of this defendant. The defendant's organized folders containing

numerous photos and videos of young women shows he is a collector. Moreover, in the defendant's interview with agents, he admitted that the victim was not the only underage person with whom he spoke and exchanged nude photos and videos.

His collection of these videos and images certainly demonstrates a need to provide deterrence and to protect the public from further acts by him.

*e. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;*

Given the defendant's behavior in this case as well as his behavior in trial, the United States hopes the defendant pursue mental health treatment while in the Bureau of Prisons and will hopefully someday appreciate and accept the harm he caused.

## II. Recommendation

Because of the forgoing reasons, the United States believes that a sentence at the top of the guideline range is sufficient but not greater than necessary to reflect the factors enumerated in 18 U.S.C. § 3553(a). The United States objects to any departure or variance from the correctly calculated sentencing guideline range.

Respectfully submitted,

Francis M. Hamilton, III
Acting United States Attorney

By: s/ *Meghan L. Gomez*
Meghan L. Gomez
Assistant U.S. Attorney
FL Bar# 68858
220 West Depot Street, Ste. 423
Greeneville, TN 37743
423/639-6759
Meghan.Gomez@usdoj.gov